JOHN HABIT v. J. C. STEPHENSON, Sheriff.

(Filed 17 April, 1940.)

1. **Forfeiture § 3: Chattel Mortgages § 11: Nuisances § 11—**

An innocent mortgagee without knowledge that the property was being used by the mortgagor in operating a nuisance contrary to law and in violation of provisions in the conditional sales contract, may institute action to recover the property after it has been seized by the sheriff but before it has been sold under the provision of C. S., 3184.

2. **Same—Where mortgagor's equity is nil, mortgagee without knowledge that property was used in operation of nuisance, is entitled to recover same.**

Where movable personal property sold under a conditional sales contract is used by the mortgagor in the operation of a nuisance and is seized by the sheriff and held for sale under the provision of C. S., 3184, the innocent mortgagee is entitled to recover same from the sheriff when the value of the property is less than the debt and there is no equity above the mortgage, since C. S., 3184, provides that the property should be sold in the same manner as is provided for sales of chattels under execution and C. S., 677, provides only for the sale of the equity of redemption of the judgment debtor in pledged or mortgaged property. The registration of the conditional sales contract is immaterial on the question of forfeiture.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at August Term, 1939, of NORTHAMPTON.

Civil action in claim and delivery.

The facts are these:

1. On 22 June, 1937, the Quinn Furniture Company sold to Ray Weston of Northampton County a General Electric beverage cooler, taking note in the sum of $172.13 and title-retained contract as security

HABIT *v.* STEPHENSON.

therefor. The purchaser stipulated in the contract that the property "will not be used for any purpose in violation of any State or Federal statute." The note and contract were subsequently assigned to the plaintiff, for value, and are in default. They have not been registered.

2. Weston's place of business was closed in a proceeding under C. S., 3180-3187, inclusive, for maintaining a nuisance, and the cooler in question was ordered seized and sold along with the other equipment in the defendant's filling station. The sheriff seized the property pursuant to this order, but before the cooler could be sold, the plaintiff brought this action to recover its possession under the title-retained contract.

3. Neither the plaintiff nor his assignor had any knowledge of or participated in the nuisance. Nor were they parties to or had any notice of the proceeding in which the property was ordered seized and sold.

4. The value of the cooler at the time of the seizure by the sheriff was $125.00.

The trial court ruled that as the property had been used in the maintenance of a nuisance, the defendant was entitled to retain possession. Plaintiff appeals, assigning error.

*W. D. Pruden for plaintiff, appellant.*
*E. B. Grant for defendant, appellee.*

STACY, C. J. The question for decision is whether movable personal property found to be used by a mortgagor in conducting a nuisance, without the knowledge or consent of the mortgagee and in violation of a covenant against such use, can be held under an order of seizure and sale when it appears that the mortgagor's equity of redemption is *nil,* and that the mortgagee had no knowledge of and did not participate in the nuisance and was not a party to and had no notice of the proceeding in which the property was ordered seized and sold.

Speaking to the question of procedure in *Daniels v. Homer,* 139 N. C., 219, 51 S. E., 992, it was said that an innocent owner of property, thus sought to be forfeited and sold, might assert any rights which he has in an action to recover the property before sale. This the plaintiff seeks to do here.

It will be observed that the movable property which is established as having been used in conducting a nuisance, is to be sold "in the manner provided for the sale of chattels under execution." C. S., 3184. The manner provided for the sale of chattels under execution applies only to the property of the judgment debtor and is set out in C. S., 677, as follows: "The property of the judgment debtor, not exempt from sale under the Constitution and laws of this State, may be levied on and sold under execution as hereinafter prescribed: 1. Goods, chattels . . .

belonging to him. . . . 3. Equitable and legal rights of redemption in personal and real property pledged or mortgaged by him. But when the equity of redemption in personal property is sold under execution, notice of the time and place of said sale shall be given the mortgagee."

The sole purpose in requiring that notice of the time and place of such sale be given the mortgagee is to afford him an opportunity to protect his rights in the property. *S. v. Johnson*, 181 N. C., 638, 107 S. E., 433; *Skinner v. Thomas*, 171 N. C., 98, 87 S. E., 976. Here, the equity of redemption of the execution debtor in the property directed to be sold is *nil*, hence there is nothing to be sold "in the manner provided for the sale of chattels under execution." It results, therefore, that the plaintiff is entitled to the property.

The registration of the instrument under which plaintiff claims is not material on the question of forfeiture. *Motor Co. v. Jackson*, 184 N. C., 328, 114 S. E., 478.

The right to abate the nuisance is not questioned. *Carpenter, Solicitor, v. Boyles*, 213 N. C., 432, 196 S. E., 850.

Reversed.