## 53388. HALLMAN v. STATE OF GEORGIA et al.

DEEN, Presiding Judge.

The appellee filed a libel for condemnation in the Superior Court of Clayton County against a 1973 Volkswagen alleged to be the property of Claudia Powers, which had been seized while transporting narcotics. Powers was in the car and one Ashmore was driving it at the time. Hallman intervened, alleging he had no knowledge and had not consented to the vehicle being used for such purpose, and claiming ownership and/or an interest in the property by virtue of the following: He and Powers, his daughter, had jointly executed a consumer motor vehicle note and security agreement pledging the property to the Bank of Fulton County as security for funds used in the purchase of the vehicle. He has paid the sum of $2,635.84, which is all of the purchase price of the car except the $328.48 which he still owes on the note. He further alleged that contemporaneously with the bank loan Claudia Powers executed a promissory note for these amounts in his favor and conveyed title to him until payment in full.

Based on these pleadings, the state moved for and was granted a judgment on the pleadings, and the intervenor appeals. *Held:*

1. Under Code Ann. § 79A-828 (4) (iii) a forfeiture of a conveyance used for the illegal transportation of controlled substances which is "encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor

consented to the act." Knowledge and consent are obviously questions of fact. Our question is accordingly this: If Hallman proves that the allegations of purchase, payment, and transfers of security interest in the vehicle are as alleged, can it be said as a matter of law that he has no bona fide security interest in the vehicle, where it is also admitted that he has not complied with the Motor Vehicle Certificate of Title Act (Code Ch. 68-4a)? His name does not appear on the certificate of title either as a co-owner or holder of a security interest.

In *Franklin Finance Co. v. Strother Ford,* 110 Ga. App. 365, 367 (138 SE2d 679) it was held that the Certificate of Title Act is a recording statute, that its purpose is to perfect and give notice of security interests, and that "this does not affect the *creation* of the security interest, which remains a matter of contract between the parties." It follows that a failure to comply with the Act does not nullify the contract but merely has the effect of loss of priority where the rights of third parties who complied with the Act have intervened.

2. Our second question is whether the state in a forfeiture proceeding occupies the status of a creditor or lienholder so that the security interest of the intervenor, where not properly recorded, is subordinated to it. The question does not appear to have arisen here; in those states which have considered it, the conclusion has usually been that whether or not the condemning authority had prior notice of the claim is inconsequential. "The registration of the instrument under which plaintiff claims is not material on the question of forfeiture." Habit v. Stephenson, 217 N. C. 447 (8 SE2d 245). As pointed out in Bratcher v. Ashley, 243 SW2d 1011, the primary purpose is "not to vest in the Commonwealth an equitable interest in the property or the proceeds of its sale, but is to prevent further unlawful use of the property by depriving the guilty party of additional opportunity to so misuse it," and the state accordingly loses none of its rights when the property is seized, sold, and the proceeds paid to any innocent party who can prove a bona fide interest therein. The claimant who has failed to record his lien or otherwise make it known that he claims an interest in the property may have hard sledding when it comes to convincing the

trior of fact, but he is not as a matter of law foreclosed from pursuing his claim.

3. A motion for judgment on the pleadings is somewhat akin to the former demurrer practice in that ". . . all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false." *Gulf American Fire &c. Co. v. Harper,* 117 Ga. App. 356 (160 SE2d 663). If under any state of facts which may be proved under the pleadings the opposing party would be entitled to prevail, the motion should not be granted. *Seaboard C. L. R. Co. v. Dockery,* 135 Ga. App. 540 (218 SE2d 263).

It cannot be said under the present state of the pleadings in this case that, as a matter of law, the claim is not justifiable. The grant of a judgment on the pleadings against Hallman was error.

*Judgment reversed. Webb and Marshall, JJ., concur.*

Submitted February 15, 1977 — Decided February 24, 1977 — Rehearing denied March 9, 1977 — ▊▊▊▊▊▊▊

*Reeves & Collier, Rex T. Reeves, R. John Boemanns,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Clarence L. Leathers, Jr., Assistant District Attorneys, Richard E. Reiter, Jr.,* for appellees.