66017. FARMERS & MERCHANTS BANK OF TRENTON, TRENTON, FLORIDA v. THE STATE.

QUILLIAN, Presiding Judge.

This is an appeal by appellant Bank from the condemnation of an airplane by the state under the forfeiture provisions of OCGA § 16-13-49 (Code Ann. § 79A-828).

Georgia law enforcement officers seized a Cessna 402 airplane which was carrying a cargo of marijuana. An action for condemnation of the plane was filed in accordance with OCGA § 16-13-49(e) (Code Ann. § 79A-828), supra. Notice by publication was made. Bob Absher Motors of Trenton, Florida, was believed to be the owner of the plane. Absher did not answer but appellant Bank did as an intervening claimant asserting a bona fide interest in the plane by virtue of a loan to purchase said plane to Bob Absher, d/b/a Bob Absher Motors, evidenced by a note and security agreement of a greater value than the present value of the plane. Holding that the description in the security agreement of "67 #402 Cessna" was insufficient to establish a valid security interest because it did not reasonably enable third parties to identify the assets secured, and that the security agreement was not registered with the United States Department of Transportation as required by 49 USC § 1403(c), the trial court denied the Bank's claim. *Held:*

1. OCGA § 16-13-49(a) (Code Ann. § 79A-828), supra, provides: "The following are subject to forfeitures: (1) All controlled substances and marijuana which have been manufactured, distributed, dispensed, held, or acquired in violation of this article . . . (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, hold, conceal, or in any

manner to facilitate the transportation, for the purpose of sale or receipt, of property described in paragraph (1) . . . of this subsection, but: . . . (C) A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission . . . ."

It is undisputed that the Bank did not know of or consent to the use of the airplane to transport marijuana. The issue is whether the description in the security agreement was sufficient to show that the Bank had a valid security interest in the plane.

The security agreement was entered into in Florida and stated that it was to be construed under the law of Florida. The trial court applied Florida law in construing the sufficiency of the description.

The applicable Florida statute is F.S.A. § 679.110, which is part of the Uniform Commercial Code and substantially the same as OCGA § 11-9-110 (Code Ann. § 109A-9—110). It states: "For the purposes of this chapter any description of personal property . . . is sufficient whether or not it is specific if it reasonably identifies what is described." The trial court relied on American Restaurant Supply Co. v. Wilson, 371 S2d 489 (Fla. App. 1979), which stated that a security agreement should describe the collateral with details sufficient for third parties to be able reasonably to identify the particular assets covered. It held that the description in a security agreement was insufficient to establish a valid security interest under the Florida statutes where the collateral was described as food service equipment and supplies delivered to a restaurant, because it did not cover all the food service equipment and supplies at the restaurant, only an unidentifiable part thereof.

The facts in the instant case are clearly distinguishable from the authority relied upon by the trial court, as there is no evidence that Absher had more than one airplane.

In re Aragon Industries, Inc., 14 UCC Rep. 1218 (DC SD Fla. 1973), cited by the state, is also distinguishable as it held the same as American Restaurant Supply Co. v. Wilson, supra, that a description of equipment in a security document was insufficient to distinguish the items from other similar items also assets of a bankrupt. On the other hand, a United States bankruptcy court in Florida has stated: "The security agreement is basically nothing but a contract. Of course, the instrument may be subject to interpretation and explanation by [extrinsic] evidence . . ." In re Page, 16 UCC Rep. 501, 504 (DC MD Fla. 1974). The law generally and in Georgia is similar, that an ambiguous contract can be construed by the means of parol evidence. OCGA § 13-2-2 (Code Ann. § 20-704). "It is not essential that the description of property in a mortgage should be so definite as

that the property can be identified upon such description alone. It is sufficient if the description can be made certain by the aid of extrinsic evidence." *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753).

The security agreement in the instant case listed the collateral as "67 #402 Cessna," which the trial court apparently believed was not sufficient to identify the collateral as an airplane. While the description may be ambiguous to one who is unaware that a "Cessna" is an airplane, the note and documents obtained by the bank from the borrower when it made the loan remove all doubt that the Cessna referred to in the security agreement is in fact an airplane with the same serial and registration numbers as the plane being condemned by the state. Accordingly, we find that the trial court erred in ruling that the Bank did not have a valid security interest in the plane.

2. Having determined that the Bank had established that it had a bona fide security interest in the plane, did the fact that the security agreement had not been registered or recorded with the Federal Aviation Administration, an agency of the Department of Transportation, bar the Bank from protecting its security interest in the condemnation proceedings? Previous holdings of this court indicate that the Bank is not so barred.

(The) question is whether the state in a forfeiture proceeding occupies the status of a creditor or lienholder so that the security interest of the intervenor, *where not properly recorded,* is subordinated to it. The question does not appear to have arisen here; in those states which have considered it, the conclusion has usually been that whether or not the condemning authority had prior notice of the claim is inconsequential. 'The registration of the instrument under which plaintiff claims is not material on the question of forfeiture.' Habit v. Stephenson, 217 N.C. 447 (8 SE2d 245). As pointed out in Bratcher v. Ashley, 243 SW2d 1011, the primary purpose is 'not to vest in the Commonwealth an equitable interest in the property or the proceeds of its sale, but is to prevent further unlawful use of the property by depriving the guilty party of additional opportunity to so misuse it,' and the state accordingly loses none of its rights when the property is seized, sold, and the proceeds paid to any innocent party who can prove a bona fide interest therein." *Hallman v. State,* 141 Ga. App. 527 (2), 528 (233 SE2d 839). (Emphasis supplied.)

"The state in a forfeiture proceeding is not in the position of a creditor or lienholder, but its interest is only to prevent a guilty party from further misusing the property. [Cit.]" *State v. Sewell,* 155 Ga. App. 734 (2), 735 (272 SE2d 514).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 23, 1983 —
REHEARING DENIED JUNE 22, 1983 

*Jerome L. Kaplan, James P. Smith,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.