Milan **FEHIR**, Appellant,

v.

**STATE of Alaska, Appellee.**

**No. A–1686.**

Court of Appeals of Alaska.

July 17, 1987.

---

Russell W. Pritchett, Bellingham, Wash., for appellant.

Lance B. Nelson, Asst. Atty. Gen., Anchorage, and Ronald W. Lorensen, Acting Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Ljudevit Blazevic was convicted of commercial fishing during a closed period, 5 Alaska Administrative Code (AAC) 06.-320(e) and commercial fishing without a permit holder on board the vessel, 5 AAC 39.107(d). He was sentenced on January 22, 1986. As a sanction, his vessel, the F/V St. Roland, was ordered forfeited. Milan Fehir sought to intervene in the criminal case, seeking remission of the forfeiture; he argued that he was a secured creditor entitled to protection.[1] *See State v. Rice*, 626 P.2d 104 (Alaska 1981). The trial court found that Fehir had not perfected his security interest in the vessel under either the Federal Ship Mortgage Act of 1920, or Alaska's version of the Uniform Commercial Code (U.C.C.). 46 U.S.C. § 921; AS 45.09.301–02. The trial court held that Fehir's failure to perfect his security interest was fatal to his claim for remission. It therefore denied his request to intervene in the criminal case.[2] Fehir does not deny failure to perfect his alleged security interest. In his appeal, he asserts that perfection of his interest was not necessary. We disagree and affirm.

This case is before us on an essentially undisputed record. Fehir loaned Blazevic money to purchase the subject vessel and Blazevic executed and delivered his promis-

sory note as evidence thereof and purported to give Fehir a security interest in the vessel. Fehir did not perfect his security interest. Blazevic apparently listed the boat for sale from time-to-time, claiming that it had no liens, mortgages, or encumbrances against it. He apparently made the same representations when applying for an insurance policy. The official Coast Guard abstract of title shows no liens, mortgages, or encumbrances on the vessel.

This case presents a single issue: Should the holder of an unperfected security interest, in a vessel forfeited for fishing violations, be able to claim remission to the same extent as one whose security interest is perfected? Fehir argues that he should. He contends that the various statutes requiring perfection of security interests address different policies from those involved in forfeitures. He also argues that failure to recognize his security interest constitutes a taking of his property without compensation, in violation of the state and federal constitutions. Fehir bases his constitutional arguments on *Armstrong v. United States*, 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554 (1960) (extinguishment of materialman's lien constitutes taking of property for constitutional purposes). He bases his argument, that his failure to perfect his lien is irrelevant to his application for remission, largely on cases from Georgia and Oklahoma. *See, e.g., Farmers and Merchants Bank of Trenton v. State*, 167 Ga.App. 77, 306 S.E.2d 11, 13–14 (1983); *General Motors Acceptance Corporation v. State*, 170 Okl. 355, 40 P.2d 654, 655–56 (1935).

■ We have considered Fehir's arguments. We are unpersuaded by them and affirm the decision of the trial court. The

---

1. On December 4, 1985, Fehir cancelled the promissory note and Blazevic executed documents conveying ownership of the F/V St. Roland to Fehir. The conclusion in this case would be the same whether Fehir had an antecedent security interest or an ownership interest, because the purported transfer is irrelevant to our decision. *See* 46 U.S.C. § 911 *et seq.*

2. The parties have neither briefed nor argued the appropriateness of intervention in criminal

cases to seek remission. *A fortiori*, they have not considered or discussed the extent to which the interests of nondefendants may be forfeited in a criminal proceeding as opposed to an *in rem* civil proceeding affecting a subject vessel. In *Rice*, 626 P.2d 104, the supreme court acquiesced in a procedure similar to the one utilized in this case. We therefore assume that we have jurisdiction to hear Fehir's claim.

state and federal constitutions preclude the taking of property without compensation. Every deprivation is not, however, a taking. The law is clear that the states, in the exercise of their police power, may deprive individuals of property so long as the deprivation occurs in accordance with due process of law. Thus, the United States Supreme Court has held that forfeiture of an innocent person's interest in property, used in violation of the law, does not constitute a prohibited taking without compensation under the Constitution. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–90, 94 S.Ct. 2080, 2090–95, 40 L.Ed.2d 452 (1974). *A fortiori*, the federal courts would find no constitutional violation in a case such as this, where Fehir could have protected his interests under state law by perfecting his security interest, but failed to do so.

■ As the parties recognize, the issue under Alaska law is more complicated. In *Rice*, 626 P.2d at 110–15, the supreme court considered federal and state law and concluded that as a matter of state constitutional law, an innocent creditor who has done all that he or she could reasonably be expected to do to prevent illegal activity should be entitled to remission. *Id.* at 114. The issue of perfection of a security interest was not raised or ruled on in *Rice*. Under these circumstances, we cannot regard the court's decision as dispositive on the precise point now under consideration. We must, therefore, decide that question. As a matter of public policy, we conclude that a party who has not utilized available state and federal opportunities to perfect his security interest has not done all that he could reasonably be expected to do to avoid illegal activity.

We are concerned that a failure to perfect a security interest, while it may not evidence an intent to defraud by the secured party, may invite the debtor to engage in frauds on others. We believe that rejecting Fehir's claim is essential to avoid fraud. We do not believe that people should be encouraged to make secret mortgages. We are concerned that a recognition of unperfected security interests would increase the risk of fraudulent claims where ships are forfeited and would subject the state to a multiplicity of unnecessary litigation. We note that in the instant case, Fehir's failure to perfect his security interest permitted Blazevic to offer the ship for sale unencumbered. By failing to perfect his security interest, he lost the opportunity to be protected by insurance on the boat in the event of its loss and lost any opportunity to complain if the boat were sold to a *bona fide* purchaser for value, or was otherwise encumbered during the period that Blazevic's debt to him was outstanding. Since Fehir was apparently indifferent to the sacrifice of his interest to good faith purchasers or encumbrances of the property, and to the protection of his interest with insurance, we see no unfairness to Fehir in denying him relief against a forfeiture.

A similar result occurred in *United States v. One 1951 Douglas DC–6 Aircraft*, 525 F.Supp. 13, 15 (W.D.Tenn.1979), *aff'd on other grounds*, 667 F.2d 502, 503 (6th Cir.1981). In that case, an individual had a security interest in a DC–6 aircraft, which had been seized by the government because it had been used in drug trafficking. He failed to record the security agreement by sending it to the F.A.A. as required by 49 U.S.C. § 1403(c).[3] The court noted that the security interest was not perfected prior to the seizure and concluded that the non-recording defeated the right to contest the forfeiture. 525 F.Supp. at 15. The court held that this was so regardless of whether the individual had knowledge of the criminal activity which resulted in the forfeiture. *Id.* at 16. Such a finding is consistent with fair play and the purposes of the forfeiture statute.

■ Fehir argues that fraudulent claims could be weeded out on a case-by-case basis, particularly if the party claiming an unperfected security interest bore the bur-

---

**3.** Under 49 U.S.C. § 1403(c) no interest in an aircraft is valid against anyone other than the conveyor of the interest until the security interest holder records it with the F.A.A. 525 F.Supp. at 15.

den of sustaining his claim. We are unpersuaded. The legislature of the State of Alaska has adopted the U.C.C.'s exhaustive procedures for determining the respective rights of those claiming an interest in secured property. AS 45.09 *et seq.* Fehir's nonperfection is hostile to the underpinnings of the U.C.C. and to the Federal Ship Mortgage Act. *See* 46 U.S.C. § 911 *et seq.* Alaska's version of the U.C.C. applies to security interests in vessels. *Brown v. Baker,* 688 P.2d 943 (Alaska 1984). We believe that the interest of justice is best served by applying those procedures in cases of forfeiture. Our decision is consistent with the holding in *Rice* because we recognize the right of perfected security interests to obtain remission. As a threshold matter, we hold that before a party can assert a security interest in property to be forfeited, he must perfect his security interest.[4] Any party failing to perfect his interest cannot intervene in a criminal forfeiture proceeding to obtain remission.

The judgment of the district court is AFFIRMED.

4. Fehir's concession that he had not perfected his security interest makes it unnecessary for us to determine what steps he would have had to have taken in order to perfect his interest.