## 45835. In re R.L.L. & J.M.L.
### (373 SE2d 363)

Hunt, Justice.

The trial court granted temporary custody of the two minor children to their maternal grandmother in this custody dispute between the grandmother and the father. We granted the father's application for certiorari from the Court of Appeals' denial of his application for interlocutory appeal.

The mother was awarded custody on the parents' divorce in 1980. When the mother died in 1984, the children stayed with the grandparents for about eight months until the father took them to Florida where he lives. In 1986, the trial court granted temporary custody of the children to their maternal grandmother, finding that it would be in the best interests of the children to do so, and that the father was at that time not fit to have custody. In a second order, approximately one year later, custody was granted to the grandmother for an additional period of two years, and to each party was reserved the right to seek custody at the end of that period.

It is with respect to this two-year order that the husband contends the trial court applied an erroneous standard. He contends the "best interests of the child" standard was applied rather than the "unfitness of the parent" standard which is required where the custody contest is between a natural parent and a third party as opposed to a contest between two natural parents. In such a contest,

> [T]he parent is entitled to custody of the child unless the third party shows by "clear and convincing evidence" that the parent is unfit or otherwise not entitled to custody. . . . Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required.

*Blackburn v. Blackburn,* 249 Ga. 689, 692 (292 SE2d 821) (1982).

It is unclear, from the trial court's order, which of the two standards was relied on. Accordingly, we remand this case for a determination of the father's present fitness for custody under the standard enunciated in *Blackburn,* supra.

*Case remanded with direction. All the Justices concur.*

### Decided November 2, 1988.

*Charles L. Jurjevich,* for appellant.

*Thomas J. Browning,* for appellee.

45866. MINTER v. THE STATE.
(373 SE2d 359)

CLARKE, Presiding Justice.

Jesse Leon "Lee" Minter was convicted of the malice murder of Greg Royals and was sentenced to life imprisonment.[1] We affirm.

The evidence demonstrated that Lee Minter and his friend Gene Varnadoe were driving around drinking beer on the evening of January 9, 1986. They met Greg Royals and his friends in a Sears parking lot and had a heated discussion about what Royals might have said about Minter's mother. Minter was overheard to say, "I'm going to kill him [Royals]." The group then drove over to 1340 Drewry Avenue, where one of Royal's friends was supposed to be able to straighten out the argument. There, Royals and Minter began to argue and fight. Three eyewitnesses to the scuffle testified that Royals had no weapon and that Royals suddenly turned away from the fight and began to run toward his mother's house which was next door. Minter pursued Royals onto the porch and stabbed him to death. Minter fled the scene with Varnadoe, but was apprehended on the same night. When apprehended, Minter was covered with blood and had the knife in the back of his van.

1. In this appeal Minter asserts first that the state failed to prove venue beyond a reasonable doubt. He does not assert that venue was improper in Spalding County, but argues that the state did not present sufficient evidence of venue. He raised this issue for the first time in a motion for new trial.

Generally, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2 (a). And, venue must be established beyond a reasonable doubt. *Adsitt v. State,* 248 Ga. 237 (282 SE2d 305) (1981). However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980). Here, the evidence showed that the offense occurred at 1340 Drewry Avenue, that the Griffin Police Department investigated the case, and that the victim was examined at the Griffin-Spalding County Hospital. The trial court also took judicial notice of the fact

---

[1] The crime was committed on January 9, 1986. The defendant was indicted on June 2, 1986. A Spalding County jury returned a verdict of guilty on June 25, 1986. A motion for new trial was made on July 21, 1986 and was denied on May 3, 1988. The transcript was docketed on September 30, 1987. Notice of appeal was filed on May 27, 1988. The case was docketed on June 6, 1988, and was submitted for decision without oral argument on July 22, 1988.