258 Ga. 628 (1988)
373 S.E.2d 363
IN RE R.L.L. & J.M.L.
45835.
Supreme Court of Georgia.
Decided November 2, 1988.
Charles L. Jurjevich, for appellant.
*629 Thomas J. Browning, for appellee.
HUNT, Justice.
The trial court granted temporary custody of the two minor children to their maternal grandmother in this custody dispute between the grandmother and the father. We granted the father's application for certiorari from the Court of Appeals' denial of his application for interlocutory appeal.
The mother was awarded custody on the parents' divorce in 1980. When the mother died in 1984, the children stayed with the grandparents for about eight months until the father took them to Florida where he lives. In 1986, the trial court granted temporary custody of the children to their maternal grandmother, finding that it would be in the best interests of the children to do so, and that the father was at that time not fit to have custody. In a second order, approximately one year later, custody was granted to the grandmother for an additional period of two years, and to each party was reserved the right to seek custody at the end of that period.
It is with respect to this two-year order that the husband contends the trial court applied an erroneous standard. He contends the "best interests of the child" standard was applied rather than the "unfitness of the parent" standard which is required where the custody contest is between a natural parent and a third party as opposed to a contest between two natural parents. In such a contest,
[T]he parent is entitled to custody of the child unless the third party shows by "clear and convincing evidence" that the parent is unfit or otherwise not entitled to custody. ... Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of present unfitness is required.
Blackburn v. Blackburn, 249 Ga. 689, 692 (292 SE2d 821) (1982).
It is unclear, from the trial court's order, which of the two standards was relied on. Accordingly, we remand this case for a determination of the father's present fitness for custody under the standard enunciated in Blackburn, supra.
Case remanded with direction. All the Justices concur.