A93A2235. AMWEST SURETY INSURANCE COMPANY v. INTERSTATE CONSTRUCTION COMPANY, INC.
(442 SE2d 772)

COOPER, Judge.

Defendant, Amwest Surety Insurance Company ("Amwest"), appeals from an order disqualifying its attorneys from further representation. The order was certified for immediate review, and we granted defendant's interlocutory appeal.

Interstate Construction Company, Inc. ("Interstate"), the general contractor on two construction projects, entered into three subcontracts with Holmes Electric Company ("Holmes") for the performance of electrical work on the projects. Amwest, a surety company, issued three performance bonds to Interstate to insure the installation of electrical work which Holmes was to perform. Holmes failed to perform its obligations under the subcontracts, and Interstate assumed responsibility for completion of the project. Interstate notified Amwest that Holmes had defaulted under the subcontracts and requested Amwest to make payment under the performance bonds. Amwest retained the law firm of Thompson & Slagle, P. C. to investigate the claims of Interstate, and attorneys Jeff Slagle, Gady Zeewy and another attorney no longer with the firm undertook to investigate the claims. Amwest subsequently declined to make payment under

the bonds, and Interstate filed an action against Amwest, seeking performance under the bonds as well as a statutory penalty for bad faith pursuant to OCGA § 10-7-30. Amwest retained the same attorneys to represent it in the lawsuit, and after the completion of discovery, including the depositions of attorneys Slagle and Zeewy, Interstate filed a motion to disqualify Slagle, Zeewy and the law firm of Thompson & Slagle, P. C. as counsel for Amwest. Interstate argued that since Slagle and Zeewy conducted the investigation into Interstate's claims, they were potential witnesses in the case, particularly as their testimony might relate to Interstate's claim of bad faith. Following a nonevidentiary hearing, the trial court granted Interstate's motion.

In each of its four enumerations of error, Amwest argues that the trial court erred in granting Interstate's motion to disqualify counsel. Alternatively, Amwest argues that even if Slagle and Zeewy were properly disqualified, the law firm should not have been disqualified. The issue in this case calls into consideration the State Bar of Georgia Code of Professional Responsibility, specifically, Canon 5 which states that a lawyer should exercise independent judgment on behalf of a client. Ethical Consideration 5-9 provides: "If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."

EC 5-10 continues, in relevant part, as follows: "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate."

These ethical considerations are supported by Directory Rule 5-102 which provides: "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel."

"The right to counsel is an important interest which requires that the curtailment of the client's right to counsel of choice be approached with great caution. The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of the lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel." (Citations and punctuation omitted.) *Rivers v. Goodson*, 184 Ga. App. 70, 71 (1) (360 SE2d 740) (1987).

Interstate maintains that during the trial of the case, it intends

to put forth evidence that Amwest acted in bad faith in refusing payment under the performance bonds. Interstate does not anticipate calling Slagle and Zeewy as witnesses but contends that Amwest may call them to refute Interstate's allegations of bad faith. During the depositions of Slagle and Zeewy, Amwest was represented by DeWitte Thompson of Thompson & Slagle, P. C. Thompson instructed Slagle and Zeewy not to answer questions related to the facts upon which Amwest denied Interstate's claim on the ground that it would violate the attorney-client privilege. Amwest has also refused to indicate whether it will call Slagle and Zeewy as witnesses during the trial to refute Interstate's bad faith claim and has refused to indicate whether it would continue to assert the attorney-client privilege as relates to the facts upon which Interstate's claim was denied.

OCGA § 24-9-25 provides: "No attorney shall be competent or compellable to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney. . . . However, an attorney shall be both competent and compellable to testify for or against his client as to any matter or thing, the knowledge of which he may have acquired in any other manner." To the extent that Amwest seeks to invoke the attorney-client privilege because of facts obtained by Slagle and Zeewy in their capacity as Amwest's attorneys, such testimony would be inadmissible under OCGA § 24-9-25. Accordingly, if Slagle and Zeewy are incompetent as witnesses, there is no conflict in their continued representation of Amwest, and the trial court should not have disqualified them as counsel for Amwest. On the other hand, if Slagle and Zeewy acquired knowledge regarding Amwest's denial of Interstate's claim in a capacity other than as Amwest's attorneys, Slagle and Zeewy would be competent as witnesses and the determination of whether Slagle and Zeewy should be disqualified would be within the sound discretion of the trial judge. See *Clos v. Pugia*, 204 Ga. App. 843 (1) (420 SE2d 774) (1992). Since the trial court did not conduct an evidentiary hearing on the motion to disqualify, there is no evidence regarding the capacity in which Slagle and Zeewy acquired their information. It is also unclear from the trial court's order, which does not contain findings of fact or conclusions of law, whether the trial court considered the applicability of OCGA § 24-9-25 to the decision to disqualify the attorneys. Because we find that statute to be directly relevant to the issue of disqualification, the trial court's order disqualifying Amwest's counsel is reversed and the case remanded for a determination of whether Slagle and Zeewy could even be competent witnesses in the case. After the entry of any subsequent order regarding disqualification, the losing party is free to seek interlocutory appeal. *Southern Shipping Co. v. Oceans Intl. Corp.*, 174 Ga. App. 91, 94 (1) (329 SE2d 263) (1985).

*Judgment reversed and remanded with direction. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 25, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994.

*Thompson & Slagle, Jeff B. Slagle, Gady C. Zeewy,* for appellant.

*Smith, Gambrell & Russell, Henry M. Quillian III, Leland G. Cook,* for appellee.