## A98A1385. HOLMES v. STATE OF GEORGIA.

(506 SE2d 157)

RUFFIN, Judge.

Sonya Holmes appeals from the order of the superior court which forfeited $2,275 cash to the State under the authority of OCGA § 16-13-49. We affirm.

Holmes contends in her sole enumeration of error that "[t]he evidence was insufficient to support a determination that the currency was subject to forfeiture." Specifically, Holmes asserts the trial court erred when it ruled that the $2,275 was subject to forfeiture because it was "found in close proximity to a controlled substance and . . . was used or intended for use to facilitate a violation of the Georgia Controlled Substances Act." See OCGA § 16-13-49 (d) (2) and (6). Holmes does not assert the trial court erred when it concluded that "Sonya Holmes is not the owner of said property." Indeed, Holmes specifically requests that this Court ignore this portion of the trial court's order and instead review only whether the State met its burden of proving a prima facie case for forfeiture of the cash. We cannot.

"In order to contest a forfeiture, a party must be an 'owner' or 'interest holder.' See OCGA § 16-13-49 (n) (3) and (o) (3)." *Lockett v. State of Ga.*, 218 Ga. App. 289, 290 (460 SE2d 857) (1995). The trial court rejected Holmes' contention that she was an "owner" and the trial court's finding that she did not own the money is undisputed on appeal. " '(I)t is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding.' [Cit.] . . . If a person had no interest in the property, he could not very well be heard to complain of its forfeiture; as a stranger to it, he would be a mere member of the public volunteering to challenge the entitlement of the state to the property. For such the statutory procedure [contained in OCGA § 16-13-49] makes no provision, and it must be strictly construed. [Cit.]" *Hill v. State of Ga.*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986). Accordingly, Holmes' lack of standing precludes us from considering her claim that the State failed to meet its burden of showing by a preponderance of the evidence that the cash was subject to forfeiture. See *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355 (2) (480 SE2d 353) (1997). Our decision in *Jackson v. State of Ga.*, 218 Ga. App. 437 (461 SE2d 594) (1995), does not provide authority to the contrary.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED AUGUST 13, 1998.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.