## A04A0837. SHEPARD v. STATE OF GEORGIA.
### (600 SE2d 691)

JOHNSON, Presiding Judge.

Jerome Green was arrested for possession of marijuana with intent to distribute. The state initiated a forfeiture action for the 1989 Chevrolet truck in which the marijuana was found. Gladys Shepard filed a claim alleging she was an owner, then arguing she was an interest holder. The trial court determined that Shepard's interest had not vested, she was not a legal owner of the truck, and the truck was contraband. Shepard appeals, alleging the trial court erred in finding that the state established a prima facie case for forfeiture of the truck. Specifically, Shepard argues that the state did not meet its burden of proof in establishing that the truck was used in any illegal activity. Because Shepard lacks standing to challenge the forfeiture, we affirm the trial court's judgment.

There are very specific requirements for contesting a forfeiture.[1] To have standing to contest a forfeiture, a party must have at least some property interest in the subject matter of the condemnation proceeding.[2] The statute specifies that a party must be an "owner" or "interest holder."[3] A person who has no interest in the property cannot complain of its forfeiture; as a stranger to the property, she is a mere member of the public volunteering to challenge the entitlement of the state to the property.[4] The statutory procedure contained in OCGA § 16-13-49 makes no provision for such a challenge, and it must be strictly construed.[5]

The record in the present case shows that Shepard loaned $4,000 to Green on January 14, 2003. In exchange, Green allegedly signed a promissory note stating as follows:

> I promise to pay all the money back by January 14, 2004. If all money is not paid back Ms. Shepard can confiscate my 1989

---

[1] *Lockett v. State of Ga.*, 218 Ga. App. 289, 290-291 (460 SE2d 857) (1995).
[2] *Belvin v. State of Ga.*, 258 Ga. App. 790, 791 (575 SE2d 707) (2002).
[3] OCGA § 16-13-49 (n) (3), (o) (3).
[4] *Belvin*, supra.
[5] Id.

Chevrolet 1500 truck. I am giving Ms. Shepard the title to the vehicle until the full amount is paid. If the full amount is not paid she will keep the title and get the truck.

Approximately one month after allegedly signing the promissory note, Green was stopped with approximately a pound of marijuana in the car, and the car was taken. The record clearly shows that Shepard did not record the title until after Green was arrested and the truck had been seized. The record is also clear that Shepard did not purchase the truck from Green. Based on these facts, the trial court correctly determined that Shepard was not an owner or an interest holder in the truck.

An "owner" is defined as a person "who has an interest in property and is in compliance with any statute requiring its recordation or reflection in public records in order to perfect the interest against a bona fide purchaser for value."[6] An "interest holder" is defined as "a secured party within the meaning of Code Section 11-9-102 or the beneficiary of a perfected encumbrance pertaining to an interest in property."[7] Shepard argues she is an owner or an interest holder because Green gave her the title to the truck. However, a transfer by an owner is not effective until the Code section has been complied with and no purchaser or transferee acquires any right, title, or interest in and to a vehicle until he has obtained a properly executed title from the owner.[8]

Here, Shepard was not an owner or an interest holder according to OCGA § 11-9-102 (a) (71) because she had not perfected any security interest under OCGA § 40-3-50 at the time the truck was seized. In order to perfect a security interest in a vehicle, the commissioner or county tag agent must receive the existing certificate of title and an application for a certificate of title with the name and address of the holder of the security interest, or a notice of security interest on the proper forms.[9] Shepard, who works at the county tag office, never attempted to perfect a security interest prior to the seizure of the truck.

The burden was on Shepard to establish her claim to the truck.[10] She has not met this burden. Accordingly, her lack of standing precludes us from considering her claim that the state failed to meet

---

[6] OCGA § 16-13-49 (a) (7).

[7] OCGA § 16-13-49 (a) (6).

[8] See *Anderson v. Kensington Mtg. &c. Corp.*, 166 Ga. App. 604, 606 (305 SE2d 128) (1983).

[9] OCGA § 40-3-50 (b) (1).

[10] *Belvin*, supra at 792.

its burden of showing by a preponderance of the evidence that the truck was subject to forfeiture.[11]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 26, 2004.

*Charles H. Lyons III*, for appellant.
*Daniel J. Craig, District Attorney, Rebecca A. Wright, Assistant District Attorney*, for appellee.

---

[11] Id.; *Holmes v. State of Ga.*, 233 Ga. App. 872 (506 SE2d 157) (1998).
[1] *Carlisle v. State*, 257 Ga. App. 282 (570 SE2d 616) (2002).