## A05A1284. TOLLIVER v. STATE OF GEORGIA.
### (625 SE2d 403)

MILLER, Judge.

Earl Tolliver appeals from a judgment in this forfeiture proceeding denying him enforcement of a security interest he held in a truck owned by his son. The truck was seized following the son's arrest for drug possession. Since we find that Tolliver had no knowledge of his son's illegal activity and that he was entitled to assert his security interest in the course of the forfeiture proceeding, we must reverse.

---

The relevant facts are not in dispute. In June 2003, Earl Tolliver sold his 1993 Freightliner truck to his son Randy, who gave a written personal pledge acknowledging his father's $10,000 security interest in the truck. The truck was seized in November 2003 after drugs obtained by forged prescription were recovered in it. At the time of the seizure, the truck's title was in Randy Tolliver's name, and listed no outstanding liens.

The State filed a complaint under OCGA § 16-13-49 (n) to forfeit the truck pursuant to the drug charge. The father answered the complaint, asserting his security interest and attaching a copy of the son's pledge. The father also denied having any actual or constructive knowledge that his son had been involved in any illegal behavior. After a hearing, the trial court held that because the father had not perfected his security interest, he had no claim to the truck. The father now appeals on the ground that Georgia law allows a creditor to recover on an unsecured interest in forfeited property. We agree.

Under OCGA § 16-13-49, a property interest shall not be subject to forfeiture if the interest holder establishes that he:

(A) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;
(B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture . . . ;
(C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;
(D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture . . . ; and
(E) Acquired the interest . . . [b]efore the completion of the conduct giving rise to its forfeiture. . . .

OCGA § 16-13-49 (e) (1).

Here, the State has produced no evidence to contradict the father's sworn statements that he had no actual or constructive knowledge of his son's illegal activity, and the trial court made no finding that he had any involvement in that activity. The only remaining question, then, is whether the father's failure to perfect his security interest bars him from asserting that interest in the property.

As the father pointed out below, this Court has long allowed the holder of an unperfected security interest to assert that interest in the course of a forfeiture proceeding. "[T]he primary purpose [of a

forfeiture proceeding] is not to vest in the [State] an equitable interest in the property or the proceeds of its sale," but rather "to prevent further unlawful use of the property." (Citations and punctuation omitted.) *Farmers & Merchants Bank of Trenton v. State*, 167 Ga. App. 77, 79 (2) (306 SE2d 11) (1983); *Hallman v. State of Ga.*, 141 Ga. App. 527, 528 (2) (233 SE2d 839) (1977). Since "[t]he registration of the instrument under which [a] plaintiff claims is not material on the question of forfeiture," that plaintiff's failure to perfect his security interest does not bar him from asserting that interest in the course of a forfeiture proceeding. (Citations and punctuation omitted.) *Farmers & Merchants Bank*, supra, 167 Ga. App. at 79 (2) (reversing denial of claim for unperfected security interest in airplane where claimant had no knowledge of or involvement in owner's illegal activity); *Hallman*, supra, 141 Ga. App. at 528-529 (2) (reversing denial of claim for unperfected security interest in car).

In one recent case, however, this Court has reached the opposite conclusion. In *Shepard v. State of Ga.*, 267 Ga. App. 604 (600 SE2d 691) (2004), a truck owner gave a lender both a promissory note and the truck's title to secure the loan. Without citing either *Farmers & Merchants Bank* or *Hallman*, and focusing only on the car title, the *Shepard* court held that the lender could not assert her claim in the forfeiture proceeding because her security interest had not been perfected. Id. at 605. Contrary to this holding, however, the *Shepard* plaintiff was indeed a "secured party" for purposes of the forfeiture statute, even though she had not perfected her interest by having it noted on the truck's title. See OCGA §§ 16-13-49 (a) (6) (defining interest holder as "a secured party within the meaning of Code Section 11-9-102"); 11-9-102 (a) (71) (A) (a "secured party" includes a holder of an unperfected security interest); see also *Hallman*, supra, 141 Ga. App. at 528 (2) ("The registration of the instrument under which plaintiff claims is not material on the question of forfeiture.") (citation and punctuation omitted). In any case, the security interest in *Shepard* did not arise from the truck's title, but from an equally acceptable legal instrument for purposes of forfeiture, the promissory note. Compare *Hallman*, supra, 141 Ga. App. at 527 with *Shepard*, supra, 267 Ga. App. at 604-605. Since *Shepard* places a burden on holders of unperfected security interests that has no basis in the forfeiture statute, and because it contradicts two longstanding decisions of this Court, it is hereby overruled.

The trial court in this case erred when it refused to allow the father to assert his unperfected security interest in his son's forfeited truck.

*Judgment reversed. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Barnes, Phipps and Adams, JJ., concur. Smith, P. J., Ellington, Mikell and Bernes, JJ., concur in part and concur specially.*

BERNES, Judge, concurring in part and concurring specially.

I concur with the majority's conclusion that the trial court erred in finding that appellant's failure to perfect his security interest barred him from asserting that interest in the course of the forfeiture proceeding. I also concur in the majority's decision to overrule *Shepard v. State of Ga.*, 267 Ga. App. 604 (600 SE2d 691) (2004). However, I believe that the majority has incorrectly assumed that "the relevant facts are not in dispute." In my view, such an assumption is unauthorized because we do not have a transcript of the forfeiture proceeding. Indeed, the state has asserted that the issue of whether appellant had a security interest in the vehicle, irrespective of whether that interest had been perfected, was a hotly contested issue between the parties.[1]

More importantly, it is unclear whether the trial court resolved this issue in its order. The trial court's order could be construed as stating that even if appellant had a security interest in the vehicle, he could not contest the forfeiture because his interest had not been properly perfected. Thus, the trial court may have pretermitted the issue of whether appellant had a security interest in the vehicle. Accordingly, since we have concluded that the trial court erred by focusing on whether the security interest had been perfected, the trial court's order should be reversed and remanded with instruction. This would give the trial court an opportunity to resolve or clarify whether appellant had a security interest in the vehicle. See generally *In re R. L. L.*, 258 Ga. 628 (373 SE2d 363) (1988) (ambiguity in trial court's order required remand with instruction); *Amwest Surety Ins. Co. v. Interstate Constr. Co.*, 212 Ga. App. 590, 592 (442 SE2d 772) (1994) (same).

I am authorized to state that Presiding Judge Smith, Judge Ellington, and Judge Mikell join in this opinion.

DECIDED SEPTEMBER 12, 2005 —
RECONSIDERATION DENIED DECEMBER 9, 2005 — ▮▮▮▮▮▮▮

*James M. Poe*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

---

[1] Specifically, the state argued in its brief that "questions were raised at the May 6, 2004, hearing [as to] the legitimacy of th[e] document" alleged to establish appellant's interest in the truck.