**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 6, 2015**

# In the Court of Appeals of Georgia

A15A0558. In re ESTATE OF THOMPSON.                    DO-027

DOYLE, Chief Judge.

Robyn Thompson is a developmentally disabled adult and the daughter of Ben Thompson. Janice Driggers, Ben's mother, appeals from an order granting guardianship of Robyn to Ben. Driggers contends that the superior court erred by refusing her counsel's request to question Robyn's guardian ad litem ("GAL"). For the reasons that follow, we reverse and remand for a new hearing.

The record shows that Driggers filed a petition in the probate court seeking appointment as Robyn's guardian.[1] Ben responded with a petition seeking guardianship of Robyn. Driggers was appointed to act as emergency guardian, and

---

[1] Driggers's petition was apparently prompted by alleged instability in the household of Robyn's mother, who had custody of Robyn and who had since remarried after becoming divorced from Ben.

Joey Marchant, an attorney, was appointed to represent Robyn.[2] Following a hearing, the probate court entered an order granting guardianship to Ben, and Driggers appealed to the superior court. After a de novo review, including a hearing with Marchant participating as an attorney for Robyn, the superior court appointed Ben as guardian.[3] Driggers now appeals.

1. Driggers contends that the superior court erred by denying her counsel's request to question Marchant at the hearing on her appeal of the probate court's order appointing Ben as guardian. This error was caused by the probate court and superior court treating Marchant as both the ward's attorney and the GAL. During the superior court hearing, 16 witnesses testified, including Ben and Driggers. Marchant was invited to participate in the examinations, and he asked questions of three of those witnesses. When discussing the order of closing arguments, Driggers's counsel asked

---

[2] It is unclear whether the probate court intended to appoint Marchant to act as Robyn's attorney or her GAL. The original appointment of Marchant characterizes it as an "appointment of counsel" and makes no reference to a GAL; yet Marchant apparently gave opinion testimony to the probate court that Ben be appointed guardian, and the probate court's subsequent guardianship order refers to Marchant as the GAL. Also, the superior court's order appointing an emergency guardian refers to Marchant as the GAL.

[3] In the superior court proceedings, Marchant acted as Robyn's attorney by participating in objections and cross-examination of witnesses.

if Marchant could provide the court with his findings. The court suggested that Marchant should give his recommendation after the attorneys for Ben and Driggers had presented their closing arguments. At that point, Driggers's counsel asked if they would be able to question Marchant, and the superior court replied, "Yes. If we get to that point and you need to, certainly." Counsel then proceeded to give their arguments, and Marchant followed with his conclusions, namely that either party would be a suitable guardian but recommending Ben because of his younger age, his training in psychology, and his work as a mental health professional.[4] When Driggers's counsel sought to ask Marchant a question, the superior court reconsidered its earlier decision, stating, "I don't know that Mr. Marchant signed on for cross-examination, if you will. I don't think that's his function as the guardian ad litem. . . . He's discharged his responsibility by reporting to the [c]ourt his findings." Following a bench conference off the record, the trial court ruled on the record that counsel would not be able to question Marchant, which ruling Driggers now challenges.

---

[4] Ben testified that he has a bachelor's degree in psychology and a master's degree in counseling and serves as the director of day service programs at the local community mental health center. Marchant was careful not to compare Robyn's condition to a mental health condition, but he nevertheless found Ben's background relevant.

Contrary to this procedure, OCGA § 29-9-3, which governs the appointment of GALs in guardianship cases such as this one, provides that

> [a] person who is appointed as counsel for a ward, proposed ward, or alleged incapacitated person is not eligible to be appointed as guardian ad litem for the same individual, and a person who is appointed as guardian ad litem for a ward, proposed ward, or alleged incapacitated person is not eligible to be appointed as counsel for the same individual.

Thus, the statute clarifies that the GAL's role in a guardianship case is to serve as a resource for the court regarding the best interest of the ward, not as legal counsel for the ward, even if those roles may overlap sometimes. This framework avoids the

ethical risks that arise when a ward's counsel is required to become a fact witness.[5]

It also preserves the parties' right to cross-examination.[6]

---

[5] See, e.g., Georgia Rules of Professional Conduct, Rule 3.7 (a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: the testimony relates to an uncontested issue; the testimony relates to the nature and value of legal services rendered in the case; or disqualification of the lawyer would work substantial hardship on the client.") (punctuation omitted); *Amwest Sur. Ins. Co. v. Interstate Constr. Co.*, 212 Ga. App. 590, 591 (442 SE2d 772) (1994) ("An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."), quoting Ethical Consideration 5-9 from former Canons of Ethics.

[6] Under OCGA § 24-6-611 (b), "[t]he right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against the party." In the domestic relations context, addressing a similar denial of a party's attempt to question a GAL, this Court has explained that

> [t]his right is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. Although a [GAL] technically is not a "witness called against" a party in a custody dispute, . . . Uniform Superior Court Rule [24.9 (7)] also provide[s] that a guardian ad litem "shall be subject to examination by the parties and the court."

(Citations and punctuation omitted.) *Simmons v. Williams*, 290 Ga. App. 644, 647 (1) (660 SE2d 435) (2008). USCR 24.9 (7), applicable to domestic relations cases, provides:

5

In light of the clear statutory language in OCGA § 29-9-3 prohibiting an attorney from acting as both an advocate and a GAL, as well as the importance of the right to cross-examination, we conclude that the trial court erred by treating Marchant as both the attorney and the GAL, thereby prohibiting Driggers from questioning the GAL in this case. Accordingly, we remand the case to the superior court for a rehearing.[7]

2. Driggers also argues that the superior court erred by failing to permit Robyn to testify as to her wishes. During the hearing, there was testimony from Robyn's personal physician explaining that if the judge were to speak to Robyn, her meaningful participation "would be possibly unlikely since she does not know [the judge] and this would be an unfamiliar environment to her." At the conclusion of the hearing, Driggers's counsel had not called Robyn as a witness but renewed his

---

It is expected that the GAL shall be called as the Court's witness at trial unless otherwise directed by the Court. The GAL shall be subject to examination by the parties and the court. . . The GAL shall not be allowed to question witnesses or present argument, absent exceptional circumstances and upon express approval of the Court.

[7] See *Simmons*, 290 Ga. App. at 648 (1) (prohibiting examination of GAL "resulted in the denial of a substantial right and thus warrants the grant of a rehearing on the issue of custody.").

6

"request that the Court hear from Robyn Thompson." The court explained that at that point of the hearing it did not "want to put Robyn through it," and declined to call Robyn on its own. Although Driggers now challenges this ruling, we decline to address it in light of our ruling in Division 1. Driggers's argument depends on circumstances which may or may not recur at the next hearing, making an opinion on this enumeration advisory.[8]

*Judgment reversed and case remanded. Phipps, P. J., and Boggs, J., concur.*

---

[8] See *Huff v. Harpagon Co., LLC*, 286 Ga. 809, 811 (692 SE2d 336) (2010) ("Georgia appellate courts are not authorized to render advisory opinions as to potential error.").