60361. KINSLEY et al. v. UPSHAW.

DEEN, Chief Judge.

Luevenia Kingsley and her son, William, bring this appeal from the grant of a writ of possession.

The evidence showed that Mrs. Kinsley conveyed her one-half interest in certain real property to her daughter, Mrs. Johnnie Mae Smith, the owner of the other half interest. The date of this conveyance is not shown in the record. Mrs. Smith conveyed the entire fee to her daughter, Audrey Upshaw, on August 29, 1979. On

September 20, 1979, Ms. Upshaw notified her grandmother and her uncle that she had purchased the property and demanded that they vacate the premises. On October 23, 1979, she brought a dispossessory proceeding alleging that they were tenants at sufferance, that she had made a demand for the premises and that they refused to surrender possession. Mrs. Kinsley answered admitting that she was in possession of the property, but contended that she had reserved a life estate in the premises when she conveyed her interest to Mrs. Smith. William Smith also admitted possession and claimed that he remained on the premises as the guest of his mother.

The trial court found that Ms. Upshaw made out a prima facie case by showing that she was owner of the fee of the premises, that she had made a demand for the premises and that the defendants refused to surrender the premises. The court further found that the defendant's original entry on the premises was lawful, but their holding over after the conveyance of the property to the plaintiff was wrongful and created the relationship of landlord and tenants at sufferance and that parol evidence was not admissible to show consideration for or vary the terms of the warranty deed. Appellants contend that the trial court erred in holding that parol evidence was not admissible to show consideration for or vary the terms of the warranty deed, that the plaintiff was the landlord of the defendants and in granting the dispossessory warrant. *Held:*

While Mrs. Kinsley's explanation of the conveyance of her one-half undivided interest to Mrs. Smith is capable of being interpreted as an attempt to allege the creation of an express oral estate in contradiction of or to vary the terms of the warranty deed; nevertheless, it is likewise capable of being interpreted as an allegation of an implied or resulting trust. Particularly this is true in light of such holding as *Chandler v. Ga. Chemical Works,* 182 Ga. 419, 425 (185 SE 787) (1926), where the court stated: "'1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of land. *Mercer v. Morgan,* 136 Ga. 632 (71 SE 1075). 2. Actual possession is notice to the world of the right or title of the occupant. *Mercer v. Morgan,* supra; *Bridger v. Exchange Bank,* 126 Ga. 821 (56 SE 97, 8 L. R. A.) (N. S.) 463, 115 Am. St. R. 118); *Austin v. Southern Home &c. Assoc.,* 122 Ga. 439 (50 SE 382).'" *Berry v. Williams,* 141 Ga. 642 (81 SE 881) (1914).

Here we have a grandmother in possession and all subsequent holders have implied if not actual notice of her possession of the premises. *Freeman v. Saxton,* 240 Ga. 309, 312 (240 SE2d 708) (1977) states: "Although the appellant could not (in the absence of fraud, accident, or mistake) engraft an express oral trust on a deed absolute

on its face, he may introduce parol evidence (including an oral agreement of the parties to the deed) which would impress the deed with an implied trust. See *Harper v. Harper,* 199 Ga. 26 (33 SE2d 154) (1945)." See *Hemphill v. Hemphill,* 176 Ga. 585, 590 (168 SE 878) (1932): "The fact that the plaintiff alleged that a certain agreement was had between her and the defendant did not render the petition fatally defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interests to be ownd [sic] by the parties, but as rebutting the inference of a gift by the plaintiff. *Jackson v. Jackson,* supra; *Romano v. Finley,* 172 Ga. 366 (2) (157 SE 669)."

Also, in *Harper v. Harper,* supra, at 29, the court held: "'Accordingly, the fact that the plaintiff alleged that a certain oral agreement was made between him and Mrs. Guffin and Mrs. Kay, at the time of such conveyance to the latter, did not render the petition defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff. [Cits.] Implied trusts are not within the statute of frauds, and the court may hear parol evidence showing the facts from which they are sought to be implied.' [Cits.] . . . 'A deed absolute in form may be shown by parol evidence to have been made in trust for the benefit of the grantor, where the maker remains in possession of the land.' "

Accordingly, we find that the trial court erred in failing to admit parol evidence of the agreement between the parties. While a municipal court has no jurisdiction to grant affirmative equitable relief because such power rests solely in the superior court, Code Ann. § 2-3301, it does have jurisdiction to hear an equitable defense. *Arnold v. American Securities Co.,* 181 Ga. 354 (182 SE 3) (1935).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 20, 1980.

*James A. Elkins, Jr.,* for appellants.
*Albert W. Thompson,* for appellee.