67070. STATE OF GEORGIA v. CROOM et al.

QUILLIAN, Presiding Judge.
This is a libel, or proceedings in rem, for the forfeiture of a vehicle used in the illegal sale of drugs in violation of the Georgia Controlled Substances Act. The State alleged in its petition for forfeiture that a "1978 Ford pickup truck, VIN F15GNCE6673" had been used in the illegal sale of "Pethidine" (also known as "demerol"). The vehicle was allegedly "operated by Curtis Croom and owned by Mary Saunders," and "said vehicle was being used for such purpose . . . with owner's permission and knowledge for said use . . . ." The trial court issued an Order for Pre-Trial Conference on September 14, 1982 but the record does not reflect that a conference was held.

After the issue was joined and the jury struck and excused for the day, the trial court noted that there had not been a pre-trial order in the case and he asked for the contentions of the parties. The special prosecutor revealed that he would attempt to show that Curtis Croom was the true owner of the vehicle although it was registered in the name of his sister, Mary Saunders. The defendant objected — pointing out that the petition alleged ownership in Saunders and operation by Croom and that the "vehicle was being used for such purpose [the illegal sale of drugs] . . . with owner's permission and knowledge for said use . . . ." The State argued that they did not "think we would necessarily be bound by the petition as such. I think that's an amendable . . . THE COURT: I know, but it's not amended . . . I don't think we can come here on the trial and just take an entirely different . . . SPECIAL PROSECUTOR: Well, I don't — even if the Court is going to hold our feet to the fire as to the petition, Your Honor . . . THE COURT: I think that's what I'll have to do."

The trial court directed a verdict for Saunders and the State brings this appeal. Held:

1. The State contends the court erred in refusing to permit it to "amend its pleadings to conform to the evidence which it contended would show that although title was in the name of Mary Saunders,

ownership, possession and control was in Curtis Croom." In support of its position, the State cites OCGA § 9-11-15 (b) (Code Ann. § 81A-115) which provides, in part, that "amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party any time, even after judgment." This selective citation of a portion of the statute is taken out of context. The preceding sentence to that cited by the State reveals: "(b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

It would appear that the State is attempting to place the cart before the horse. This statute authorizes a party to amend its pleadings to conform them to the evidence that has already been admitted during the trial. 3 Moore's Federal Practice 15-170, § 15.13 [2]. Here, the State is attempting to amend its pleadings so that the evidence it desires to admit in the upcoming trial will be admissible. That type amendment comes within the parameters of OCGA § 9-11-15 (a) (Code Ann. § 81A-115): "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party."

The "pretrial order" referred to in OCGA § 9-11-15 (a) (Code Ann. § 81A-115) is the type which follows the pretrial conference of OCGA § 9-11-16 (Code Ann. § 81A-116), which considers, inter alia: (1) The simplification of the issues; (2) The necessity or desirability of amendments to the pleadings . . . and (5) Such other matters as may aid in the disposition of the action. See *Carreras v. Austell Box Board Corp.,* 154 Ga. App. 135, 138 (267 SE2d 792). The purpose of both the pleadings and the pretrial order is to define the issues for trial. In the instant case, although the jury had been struck, evidence had not been heard and the trial court, in effect, held the pretrial conference to determine the issues and contentions of the parties. It was during this conference that the contentions of the State conflicted with the pleadings of its petition.

OCGA § 16-13-49 (a) (4) (Code Ann. § 79A-828) provides for forfeiture of all conveyances used to transport or in any manner facilitate the sale of drugs listed in that section. However, "[n]o conveyance is subject to forfeiture under this Code section by reason

of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent . . ." Thus, under OCGA § 16-13-49 (a) (4) (Code Ann. § 79A-828), a vehicle is subject to forfeiture: (1) when it is used by its *owner* to facilitate the sale of controlled substances, or (2) when used by an *operator* to facilitate the sale of controlled substances with the *owner's* knowledge or consent. The State alleged the second type in its petition of forfeiture and wanted to amend to allege the first type.

"In considering belated motions to amend pleadings, the trial judge must freely allow amendment 'when justice so requires.' CPA § 15 (a), supra. In exercising this discretion, the judge should balance possible prejudice to the nonmoving party with the moving party's reason for delay." *Leslie, Inc. v. Solomon,* 141 Ga. App. 673 (1) (234 SE2d 104). " 'The reasonable intendment of . . . (Code Ann § 81A-115) . . . is that after the time for a pre-trial conference has passed and neither the court nor the parties have insisted upon the entry of a pre-trial order and no such order is entered, *pre-trial proceedings end with* the commencement of the trial proper and *the taking of evidence.* The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by the consent of the adverse party.' " (Emphasis supplied.) *Black v. Lowry,* 159 Ga. App. 57, 58 (282 SE2d 700); accord: *Slater v. Jackson,* 163 Ga. App. 342 (1) (294 SE2d 557). Evidence had not been heard and this was the pretrial conference to define the issues and contentions of the parties. "Therefore, if there were no entry of a pre-trial order, the amendment was proper as a matter of course, even though offered after the pre-trial conference; it is the entry of the order and not the conference which is determinative" of the right to amend under the statute. *Altamaha Convalescent Center v. Godwin,* 137 Ga. App. 394, 395 (224 SE2d 76). We find that the State had the right to amend as a matter of right under OCGA § 9-11-15 (a) (Code Ann. § 81A-115) under the circumstances of this case, i.e. during the pretrial conference which was delineating the issues and contentions of the parties — but prior to the taking of the evidence. We need not reach the issue of the right of a party to amend, or the discretion of the trial court to permit amendment, during trial after evidence has been heard. But see *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (2) (241 SE2d 62).

2. We need not reach the remaining enumeration as it is mooted by the above holding.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 23, 1983.

*C. Deen Strickland, District Attorney,* for appellant.

*M. C. Pritchard,* for appellees.