## 68522. SMITH v. MANER.

BIRDSONG, Judge.

The trial court granted summary judgment to the plaintiff, Ms. Maner. We reverse. The plaintiff's complaint alleged the breach of an express oral warranty given by Smith on the water pump he installed. In her complaint, Ms. Maner alleged that she paid Smith $2,815 for a new pump after Smith had examined her water well and diagnosed the problem; that nine months later she experienced the same problems with the well; that Smith refused her calls to come rectify the problem; and that she ultimately was forced to engage the services of another person who drilled a new well and installed a new pump at a cost to her of $3,515. Smith, in a verified answer, denied the allegations of breach of warranty, and denied that he ever gave a warranty. He answered essentially that he had agreed to examine the plaintiff's well to determine what was wrong with the well, but denied "that he was to rectify any problems Plaintiff was experiencing until such time as Plaintiff understood that she needed a new well which would cost her approximately $3,500.00, which was agreed to by Plaintiff." Smith admitted that the plaintiff had later hired another to drill the new well and had paid $3,515 for it. The plaintiff filed a motion for summary judgment and an affidavit which set forth essentially the same facts and allegations as her complaint. The defendant did not timely respond by affidavit prior to the hearing on the motion for summary judgment although a counter motion accompanied by affidavit was filed prior to the grant of Ms. Maner's motion, which grant was made nunc pro tunc to the hearing date a week earlier.

Summary judgment based on the plaintiff's affidavit and complaint was error. Pretermitting whether the trial court considered Smith's affidavit which was in hand prior to the day of the ruling but dated after the relation back of the grant to the date of the hearing (the record is silent as to this point), plaintiff still did not show that there remained no genuine issues of material fact, nor that she was entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Ordinarily an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." OCGA § 9-11-56 (e). (Emphasis supplied.) In this case the defendant by his verified answer raised specific issues of fact; the plaintiff has not conclusively rebutted the facts plead by Smith nor shown entitlement to summary judgment as a matter of law. See *Foskey v. Smith*, 159 Ga. App. 163 (283 SE2d 33). Summary judgment was therefore not appropriate in the first place and it was not necessary in the face of the verified answer for the defendant further to produce

an affidavit showing that the same disputed issues of fact remain in the case.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 26, 1984.

*Alvin G. Wells, Jr.*, for appellant.
*Robert D. Falligant, Jr.*, for appellee.