A91A1668. STATE OF GEORGIA v. WALLS.
A91A1669. STATE OF GEORGIA v. HANKINSON.
A91A1670. STATE OF GEORGIA v. NEWMAN.
A91A1671. STATE OF GEORGIA v. ANDERSON.
(415 SE2d 921)

COOPER, Judge.

On December 4, 1989, agents from various federal, state and local law enforcement agencies executed search warrants and seized certain property and currency from appellees. Within 30 days after the district attorney received notice of the seizure, four condemnation actions were filed for the forfeiture of the property and currency seized from each of the respective appellees. The first sentence in each of the condemnation actions stated that the action was brought pursuant to OCGA § 16-13-49, which specifically deals with the forfeiture of property or currency realized or derived from the distribution of controlled substances. However, paragraph three of each action recited that the seized property was used to facilitate a gambling offense and was derived from a gambling offense, which is the basis for condemnation actions brought pursuant to OCGA § 16-12-32. Both OCGA §§ 16-13-49 and 16-12-32 require that condemnation actions be brought within 30 days after the district attorney receives notice of the seizure. Appellees responded to the condemnation actions and moved to dismiss the actions on the ground that the State failed to follow the requirements of OCGA § 16-13-49. The State filed an amendment to each condemnation action substituting § 16-12-32 in place of § 16-13-49; however, the amendment was not filed within 30 days after the district attorney received notice of the seizure. The trial court dismissed all of the condemnation actions, finding that the State had failed to bring the actions within the time required by either forfeiture statute. The State appeals from the dismissal of each of the condemnation actions.

The State contends that under Rule 15 (a) of the Civil Practice Act, amendments to the pleadings are allowed at any time before the entry of a pretrial order; therefore, it should have been allowed to amend the condemnation actions to insert the correct Code section. Appellees argue that the Civil Practice Act does not apply to condemnation actions. OCGA §§ 16-12-32 and 16-13-49 are special statutory proceedings "which must be strictly construed and complied with. [Cits.] As such, not all provisions of the Civil Practice Act apply. OCGA § 9-11-81." *Fulton v. State of Ga.*, 183 Ga. App. 570, 571-572 (359 SE2d 726) (1987). OCGA § 9-11-81 makes the Civil Practice Act applicable "to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law." The statute further provides that "*in any event, the provisions of this chapter governing* the sufficiency of

pleadings, defenses, *amendments*, . . . shall apply to all such proceedings." (Emphasis supplied.) OCGA § 9-11-81. In *State of Ga. v. Croom*, 168 Ga. App. 145 (308 SE2d 427) (1983), in a libel for condemnation action brought pursuant to OCGA § 16-13-49, the State attempted to amend its pleadings during the pretrial conference to conform to the evidence which the State contended would be shown at trial. The trial court refused to allow the amendment, and we reversed, holding that under OCGA § 9-11-15 (a) the State had a right to amend during the pretrial conference. In the case sub judice, the State mistakenly put the wrong Code section in the first sentence of the condemnation action. Paragraph three of the action, however, clearly set forth an action under OCGA § 16-12-32. The State should have been allowed to amend the action to make the Code section conform to the allegations contained in the condemnation action. We do not agree with appellees' argument that the State was attempting to change the nature of the action by substituting one special statutory proceeding for another. The State merely changed the Code section to make it correspond to the remaining allegations in the action. Since the amendment was made before the entry of a pretrial order, the trial court erred in dismissing the actions. See *State of Ga. v. Croom*, supra.

*Judgments reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellant.

*Herndon, Chestnut, Rosenblum & Ashby, Thomas R. Herndon*, for appellees (case nos. A91A1668 and A91A1669).

*George M. Hubbard III*, for appellee (case no. A91A1670).

*Calhoun & Associates, John R. Calhoun, James C. Metts III*, for appellee (case no. A91A1671).