A93A1858. GRIFFIN v. STATE OF GEORGIA.
A93A1859. BLACKSTOCK v. STATE OF GEORGIA.
A93A1860. SCHWARTZ v. STATE OF GEORGIA.
A93A1861. YOUNG v. STATE OF GEORGIA.
A93A1862. CARVER v. STATE OF GEORGIA.
A93A1863. LEWIS v. STATE OF GEORGIA.
A93A1864. YOUNG v. STATE OF GEORGIA.
A93A1865. SAXON v. STATE OF GEORGIA.
A93A1866. TURNER v. STATE OF GEORGIA.
(440 SE2d 483)

McMurray, Presiding Judge.

The State of Georgia brought these proceedings to condemn approximately $20,000 in cash. The money was seized from the appellants in a gambling raid. The trial court determined that the money should be condemned. These appeals followed. *Held*:

1. Appellants assert the trial court should have dismissed the condemnation petitions because they recited that the State was proceeding under the controlled substances forfeiture statute (OCGA § 16-13-49), instead of the gambling forfeiture statute (OCGA § 16-12-32). We disagree. The petitions clearly stated that the currency had been used in, or had been intended for use in, a violation of OCGA § 16-12-22, the commercial gambling statute. Thus, construing the petitions so as to do substantial justice, OCGA § 9-11-8 (f), it is clear that each stated a viable claim for the condemnation of currency used in, or intended for use in, unlawful gambling activity. *Brown v. Rock*, 184 Ga. App. 699 (362 SE2d 480); OCGA § 16-12-32. See generally *State of Ga. v. Walls*, 202 Ga. App. 899 (415 SE2d 921). Besides, the petitions were amended by the gambling evidence introduced at trial. OCGA § 9-11-15 (b).

2. Viewing the evidence in a light most favorable to the State, as we are bound to do, we find the following: Conducting a raid on a private club, the police found electronic slot machines in a part of the club. Entering a "card room," the police observed appellants playing poker at a card table. Chips and money were found in trays on the table. One of the appellants identified another appellant as the "banker" and said that the chips were purchased with cash. Various amounts of money totaling approximately $20,000 were found in appellants' pockets. The amounts of money ranged from a low of $118 to a high of $9,728.

Appellants contend the evidence was insufficient to support the judgment of condemnation. This contention is without merit. "A condemnation proceeding is a civil action wherein the State must meet its burden of proof by a preponderance of the evidence. [Cit.]" *Bloodworth v. State of Ga.*, 185 Ga. App. 880 (366 SE2d 324). The evidence was sufficient to enable the trial court to reasonably infer that the

currency seized by the police was "used in, intended for use in, used to facilitate, or derived from or realized through" gambling activity. OCGA § 16-12-32 (b). See generally *Izzo v. State*, 257 Ga. 109 (356 SE2d 204); *Bloodworth v. State of Ga.*, supra.

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1994 —
RECONSIDERATION DENIED JANUARY 27, 1994.

*R. David Botts*, for appellants.

*Thomas J. Charron, District Attorney, Don Phillips, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.