A95A0564. LOCKETT v. STATE OF GEORGIA.
(460 SE2d 857)

BLACKBURN, Judge.

Ruby Lockett appeals from the order of the superior court granting the State of Georgia forfeiture of her interest in a parcel of land known as the Dixon Road property and a pickup truck. We determine that Lockett does not have standing to contest the forfeiture as she failed to demonstrate an ownership interest in the land or the truck as recognized by Georgia's forfeiture statute. *Hill v. State*, 178 Ga.

App. 563 (343 SE2d 776) (1986) (claimant in forfeiture action has burden to demonstrate ownership interest in property).

The record reflects that the State filed its complaint for forfeiture on September 9, 1992. Lockett filed a motion to dismiss and an answer on September 25, 1992. In contravention of the forfeiture statute, Lockett's answer was unverified, although on May 29, 1993, several months after the hearing, she filed a verification. In it Lockett averred that she inherited the Dixon Road property but offered no legal documentation of her interest. Similarly, Lockett averred that the truck was a gift from her son and that title was registered in her name, but she provided no documentary evidence of the title. The State responded to Lockett's motion to dismiss, asserting that she had not adequately evidenced her claim to ownership. Subsequently, on October 8, 1992, a hearing on the forfeiture was held as required by OCGA § 16-13-49 (o) (5). Lockett submitted no evidence at the hearing.

In order to contest a forfeiture, a party must be an "owner" or "interest holder." See OCGA § 16-13-49 (n) (3) and (o) (3). OCGA § 16-13-49 (a) (6) defines an "interest holder" as a secured party under OCGA § 11-9-105 or as the beneficiary of a perfected encumbrance pertaining to an interest of the party. There is no evidence in the record nor does Lockett claim to be an "interest holder" in the forfeited property. In order to have standing to contest the forfeiture, Lockett must demonstrate that she is an "owner" of the forfeited property as that term is outlined in the statute. OCGA § 16-13-49 (a) (7) defines an "owner" as a person "who has an interest in property and is in compliance with any statute requiring its recordation or reflection in the public records in order to perfect the interest against a bona fide purchaser for value."

Apart from Lockett's unverified statements, there was no evidence supporting her claim of ownership presented before or during the hearing. Consequently, we find Lockett did not meet her burden of demonstrating ownership and is without standing to contest the forfeiture.

Pretermitting the issues of (1) whether Lockett's sworn statements alone were sufficient to meet her burden as to her ownership of the Dixon Road property or the truck and (2) whether failure to verify an answer in a forfeiture action is an amendable defect,[1] this late-filed amendment is insufficient to demonstrate Lockett's standing. As noted by this court previously, the legislature has outlined very specific requirements for filing a claim in a forfeiture action so as to "as-

---

[1] The need to comply with the claim and answer requirements of OCGA § 16-13-49 have been strictly construed in other contexts. See *State v. Alford*, 264 Ga. 243 (444 SE2d 76) (1994) and *State v. Cannon*, 214 Ga. App. 897 (449 SE2d 519) (1994).

sure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." *State v. Cannon*, 214 Ga. App. 897 (449 SE2d 519) (1994). Permitting those who contest a forfeiture to delay substantiating their claim of ownership until months after the statutory hearing has concluded contradicts the very purpose of this statutory scheme and should not be permitted.

Because Lockett has not properly demonstrated her standing to contest the forfeiture, we affirm the decision of the lower court.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson and Ruffin, JJ., concur. McMurray, P. J., dissents. Smith, J., not participating.*

McMURRAY, Presiding Judge, dissenting.

I am compelled to dissent as I cannot go along with the majority's conclusion that claimant Ruby Lockett does not have an interest in certain property seized by the State, i.e., a parcel of land known as the Dixon Road property (comprising over 101 acres) and a "Mazda pick-up truck." In fact, an examination of the forfeiture hearing transcript reveals an admission by the State's sole witness that Ruby Lockett has an interest in the Dixon Road property. With this aside, I believe that the State failed to establish a prima facie case for forfeiture of Ruby Lockett's property.

To begin, I believe the majority incorrectly states that Ruby Lockett failed to demonstrate standing to contest forfeiture of the Dixon Road property and the "Mazda pick-up truck." Ruby Lockett filed an answer claiming an interest in this property, and she later verified her answer, deposing that her claims to ownership of the Dixon Road property and the "Mazda pick-up truck" were true and correct. This verification related back to the time when Ruby Lockett's answer was filed, OCGA § 9-11-15 (c), and thus placed the burden upon the State (if standing really had been an issue) to come forward with evidence at the forfeiture hearing that Ruby Lockett had no interest in the Dixon Road property and the "Mazda pick-up truck." See *Smith v. Maner*, 171 Ga. App. 363 (319 SE2d 532). However, the record shows that standing was not an issue at the forfeiture hearing. In fact, the State not only did not contest or challenge Lockett's standing (i.e., claims of ownership) at the forfeiture hearing, it even presented testimony supporting Lockett's claim that she inherited an interest in the Dixon Road property. Specifically, Narcotics Agent George W. Haliburton, Jr., of the Crawford County Sheriff's Department testified that "I feel [Ruby Lockett] has an interest in the [Dixon Road] property because she lives there . . ." and because public records indicate that Lockett's deceased grandmother was the last person to record title to the Dixon Road property. (Narcotics

Agent Haliburton indicated that this deed was recorded in 1923.) Under these circumstances, I cannot go along with the majority in side-stepping the lack of evidence authorizing the State's seizure of Lockett's property.

"In a condemnation action the state must first carry its burden of proof by a preponderance of the evidence to establish a prima facie case for the forfeiture of the property. *Bloodworth v. State (of Ga.)*, 185 Ga. App. 880 (336 SE2d 324) (1988)." *State of Ga. v. Banks*, 215 Ga. App. 828, 831 (2), 832 (452 SE2d 533). To this extent, Georgia's forfeiture statute specifies that the State must present evidence at the forfeiture hearing establishing "probable cause to believe that: (A) [t]he person has engaged in conduct giving rise to forfeiture; (B) [t]he property was acquired by the person during the period of the conduct giving rise to forfeiture or within a reasonable time after the period; and (C) [t]here was no likely source for the property other than the conduct giving rise to forfeiture." OCGA § 16-13-49 (s) (3). And contrary to the State's argument, the burden to present at least some evidence establishing the elements prescribed by this Code subsection is not eased by the more general language in subsections (2) and (6) of OCGA § 16-13-49 (d). Forfeiture is a special statutory proceeding, and as such, courts "are required to strictly construe the forfeiture statute. See *Hill v. State*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986); *Lang v. State*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983)." *State v. Henderson*, 263 Ga. 508 (436 SE2d 209).

In the case sub judice, the State presented no proof that the Dixon Road property was acquired during the period of the conduct giving rise to this forfeiture proceeding or that the conduct giving rise to the forfeiture was the likely source for the Dixon Road property. In fact, the testimony of the State's only witness, Narcotics Agent Haliburton, indicates that the Dixon Road property was acquired by inheritance, not via the gains of illegal drug activity. Further, Agent Haliburton did not give any indication that Ruby Lockett (or any other person) purchased the "Mazda pick-up truck" with proceeds of the illegal drug transactions which gave rise to this forfeiture proceeding. Under these circumstances, I believe that the State failed to establish a prima facie case for forfeiture of Ruby Lockett's property. I would therefore reverse that part of the trial court's order granting the State's motion for judgment of forfeiture with regard to any interest Ruby Lockett may have in the Dixon Road property and the "Mazda pick-up truck."

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 31, 1995.

*Walker L. Chandler*, for appellant.

*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Assistant District Attorney*, for appellee.