### A97A0312. LEE v. STATE OF GEORGIA.
(484 SE2d 777)

POPE, Presiding Judge.

The pivotal question in this forfeiture case under OCGA § 16-13-49 is whether the trial court erred by failing to allow William Steven Lee to correct a clerical error and amend his answer 83 days after originally filing it. We conclude that the court erred in not allowing Lee to correct the mistake and therefore reverse.

William Steven Lee was stopped by Albany Police Department officers while driving his 1987 pickup truck, and in the ensuing search, officers found narcotics. Lee was charged with several offenses, including possession of dextropropoxyphene with intent to distribute. He pled guilty under the provisions of the First Offender Act.[1] The State filed a complaint under OCGA § 16-13-49 for forfeiture of Lee's truck and the drugs; the complaint was served on Lee on December 28, 1995.

On January 26, 1996, Lee filed an answer to the complaint. As a result of a clerical error, the answer contained two copies of the second page, but the third page was omitted. The second page of the answer contained specific responses to the allegations of the complaint; the filed third page (which was actually page four) began with a subsection F (there are no such prior labeled subsections) and specifically referenced OCGA § 16-13-49 (d) (2), (d) (6), (e) (1) and (e) (3). The answer also contained a fourth page and a fifth page, which were a verification.

On February 6, 1996, the State served a notice of hearing on Lee scheduling trial for February 15. On February 14, Lee filed a motion to continue the trial, which the court granted. On February 21, the State served Lee with notice that the trial would be held April 4.

On April 4, 1996, the State served Lee with a motion to dismiss the answer and for order of forfeiture, arguing that Lee's answer was insufficient under OCGA § 16-13-49 (o) (3). Lee claims that he made an oral motion to amend the answer, but there is no transcript of that hearing before us. Two weeks later, on April 18, Lee filed a response to the State's motion and a written motion to amend his answer and correct the clerical error pursuant to OCGA § 9-11-15.

---

[1] The State's argument that this guilty plea renders Lee's arguments here moot is without merit. See generally *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994).

The court denied Lee's motion to amend and concluded that the answer was legally insufficient under OCGA § 16-13-49 (o). Accordingly, the court dismissed Lee's answer and determined that his truck and the dextropropoxyphene would be forfeited to the State.

Lee appeals, arguing that the trial court erred by refusing to permit him to amend his answer. At the outset of our analysis, it is important to note that without its third page, Lee's answer was insufficient under OCGA § 16-13-49 (o) (3), and Lee does not contend that the answer submitted was legally sufficient.

Lee argues that the Civil Practice Act applies to forfeiture actions under OCGA § 16-13-49 and that OCGA § 9-11-15 (a) mandated that the amendment be allowed. OCGA § 9-11-15 (a) states: "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."

Several statutory provisions guide our present inquiry. First, OCGA § 9-11-81 provides that the Civil Practice Act "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; *but, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, [and] amendments . . . shall apply to all such proceedings.*" (Emphasis supplied.) On the other hand, OCGA § 16-13-49 (o) (3) provides that an answer shall be filed within 30 days after the service of the summons and complaint and that in "addition to complying with the general rules applicable to an answer in civil actions, the answer must set forth [the specific requirements listed in subsections (A) through (G)]." OCGA § 16-13-49 (o) (4) states: "[i]f at the expiration of the period set forth in paragraph (3) of this subsection no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section." OCGA § 16-13-49 (o) (5) provides that if an answer has been filed, "a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." "[T]he apparent purpose of [OCGA § 16-13-49 (o) (5)] is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights. [Cits.]" *State v. Henderson*, 263 Ga. 508, 511 (436 SE2d 209) (1993).

Although this Court has not addressed the issue of whether a mistake in filing an answer pursuant to OCGA § 16-13-49 (o) (3) may be amended, this Court has addressed the issue of whether an amended answer may be filed under that statute when there is no claim of mistake. In *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (2) (472 SE2d 315) (1996), there was no indication that the claimants sought to amend their answers because of clerical errors; instead the answers simply failed to set forth many particulars required by OCGA § 16-13-49 (o) (3). The *Jarrett* court rejected the claimants'

argument that the amended answers, filed more than 60 days after service of the forfeiture petitions, complied with the statute and related back to their first answers so as to resurrect their claims. In determining that the State's motions for judgment of forfeiture and motions to dismiss the amended answers were properly granted, the Court relied on the statute's clearly stated requirement that an answer must be filed within 30 days from service of the complaint.

Again, in *Lockett v. State of Ga.*, 218 Ga. App. 289 (460 SE2d 857) (1995), the claimant did not claim that her failure to file an unverified answer was the result of mistake. There the Court determined that the unverified answer, which was not verified until months after the hearing (and seven months after the answer was filed), did not suffice to evidence a claim to ownership of property under OCGA § 16-13-49 (o) (3) and (n) (3). In *Lockett*, the Court stated: "[p]ermitting those who contest a forfeiture to delay substantiating their claim of ownership until months after the statutory hearing has concluded contradicts the very purpose of this statutory scheme and should not be permitted." Id. at 291. Compare *Knodel v. State of Ga.*, 222 Ga. App. 514 (474 SE2d 700) (1996) (amendment filed within 30 days after the State's notice of forfeiture published for the second time); *State of Ga. v. Gonzales*, 213 Ga. App. 661 (445 SE2d 808) (1994) (claimant allowed to amend his answer before the first scheduled hearing under OCGA § 16-13-49 (o) (5)).

Both *Jarrett* and *Lockett* comport with this Court's strict interpretation of OCGA § 16-13-49 and with the rule that the requirements of the specialized statute ordinarily prevail over the more general requirements of the Civil Practice Act. "It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements. [Cits.]" *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994);[2] see also *Fulton v. State of Ga.*, 183 Ga. App. 570 (359 SE2d 726) (1987) (OCGA § 9-11-55 not applicable to forfeiture actions under OCGA § 16-13-49).

Nevertheless, where the failure to file a legally sufficient answer under OCGA § 16-13-49 (o) (3) is clearly the result of a mistake, an amendment to correct the mistake should be allowed. Despite the strict requirements for answers under that statute, prohibiting the amendment given these facts would be unduly harsh. As with the similarly strict statutory scheme which governs medical malpractice affidavits under OCGA § 9-11-9.1 (e), in cases under the drug forfei-

---

[2] In *Alford*, the answer at issue was an *amended* one. The Supreme Court analyzed the adequacy of that answer for purposes of OCGA § 16-13-49 (o) (5), but did not address whether the amendment itself was proper.

ture statute an amendment should be allowed if a court determines that the claimant had prepared the requisite answer under OCGA § 16-13-49 (o) (3) and that the failure to file it was the result of a mistake. Accordingly, the court erred in failing to allow Lee to file the page which was erroneously omitted from his answer.

This result comports with cases which have allowed the State to correct minor errors in its petitions for drug forfeiture. For instance, in *State of Ga. v. Croom*, 168 Ga. App. 145 (1) (308 SE2d 427) (1983), the State was allowed to change the vehicle owner's name in the drug forfeiture petition. Similarly, in *Griffin v. State of Ga.*, 211 Ga. App. 750 (1) (440 SE2d 483) (1994), and *State of Ga. v. Walls*, 202 Ga. App. 899 (415 SE2d 921) (1992), the State was permitted to amend errors in the petitions regarding the correct Code section under which the actions were brought.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED MARCH 26, 1997.

*Terry J. Marlowe*, for appellant.

*Britt R. Priddy, District Attorney, Anthony C. Lee Hing*, for appellee.