## A04A1510. McFARLEY v. STATE OF GEORGIA.
(602 SE2d 341)

BLACKBURN, Presiding Judge.

Following the dismissal of her answer in this civil forfeiture action, Eva McFarley appeals, arguing that she, as the beneficiary of an implied trust, had an equitable interest in the property subject to forfeiture and, therefore, standing to contest the forfeiture. For the reasons that follow, we affirm.

Pursuant to OCGA § 16-13-49, the State filed a civil in rem complaint for forfeiture against a 1993 Chevrolet C15 and a 1993 Cadillac Fleetwood. Both vehicles were titled in the name of McFarley's son, Roger Lee Jackson III, who was charged with violations of the Georgia Controlled Substances Act. McFarley timely filed a verified answer in which she claimed an interest in the two vehicles, and a hearing was set for December 2, 2003.

At the hearing, and before the presentation of any evidence, the State moved to dismiss McFarley's answer on the grounds that her answer affirmatively showed that she had no standing to contest the forfeiture since legal title to the vehicles was in her son. The trial judge ended the hearing and gave McFarley until December 5, 2003, to provide him with case law supporting her claim of ownership. On the fifth of December, McFarley filed a letter brief with the court and requested an evidentiary hearing. On December 16, 2003, the parties were notified that the trial judge would allow a hearing; however, on February 12, 2004, without holding the hearing, the trial court issued an order dismissing McFarley's answer and an order of forfeiture and distribution.

McFarley contends that the trial court erred in finding as a matter of law that she was not an owner and therefore lacked standing to contest the forfeiture. She argues that she is an "owner" under OCGA § 16-13-49 because she is the beneficiary of an implied trust in the seized property. We disagree.

Georgia courts have long recognized that the existence of an implied trust is sufficient to establish an ownership interest in such a trust's beneficiary. See, e.g., *McCann v. McCraine*[1] (implied trust impressed on vehicle); *Kinsley v. Upshaw*[2] (implied trust in real property). Under Georgia law,

> [t]rusts are implied: 1. Whenever the legal title is in one person, but the beneficial interest, either from the payment

---

[1] *McCann v. McCraine*, 228 Ga. 814 (188 SE2d 484) (1972).
[2] *Kinsley v. Upshaw*, 156 Ga. App. 513 (274 SE2d 850) (1980).

of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest.

*Whiten v. Murray.*[3]

McFarley claims that, though legal title to the vehicles is in her son's name, he never used the vehicles and made no claim of ownership to the vehicles, the intent of both being that McFarley owns the vehicles. McFarley used her own money to purchase the vehicles and titled them in her son's name to facilitate the purchase of insurance. Given these facts, a trial court would be authorized under Georgia law to find that an implied trust existed and that McFarley, as the beneficiary of the trust, held an equitable interest in the property. However, while the facts in this case may establish an equitable interest in McFarley, such an equitable interest is not sufficient to render McFarley an owner of property under Georgia's forfeiture statute.

"It is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding." (Punctuation omitted.) *Hill v. State of Ga.*[4] Forfeiture is an in rem proceeding, and the statutory procedure must be strictly construed. Id. The burden is on the claimant to establish her claim; once she does, she is able to contest the forfeiture to the state of the property. Id.

"In order to contest a forfeiture, a party must be an 'owner' or 'interest holder.' See OCGA § 16-13-49 (n) (3) and (o) (3). OCGA § 16-13-49 (a) (6) defines an 'interest holder' as a secured party under OCGA § 11-9-102 or as the beneficiary of a perfected encumbrance pertaining to an interest of the party." *Lockett v. State of Ga.*[5] McFarley does not claim to be an "interest holder" in the forfeited property. Therefore,

[i]n order to have standing to contest the forfeiture, [McFarley] must demonstrate that she is an "owner" of the forfeited property as that term is outlined in the statute. OCGA § 16-13-49 (a) (7) defines an "owner" as a person "who has an interest in property and is in compliance with any statute

---

[3] *Whiten v. Murray*, 267 Ga. App. 417, 419 (2) (599 SE2d 346) (2004).
[4] *Hill v. State of Ga.*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986).
[5] *Lockett v. State of Ga.*, 218 Ga. App. 289, 290 (460 SE2d 857) (1995).

requiring its recordation or reflection in the public records in order to perfect the interest against a bona fide purchaser for value."

Id. A review of McFarley's answer, however, reveals that she has failed to make such a showing that she is an "owner" as defined in OCGA § 16-13-49 (a) (7). On the contrary, her answer acknowledges that her son's name appears on the titles to both vehicles. Thus, because there is nothing in the public records that would allow McFarley to perfect her interest against a bona fide purchaser for value, the trial court did not err in finding that she does not qualify as an "owner" under OCGA § 16-13-49 (a) (7) and lacks standing to contest the forfeiture.

McFarley contends that she is entitled to the hearing mandated by OCGA § 16-13-49 (o) (5). We disagree. As our Supreme Court has stated,

the 60-day requirement of § 16-13-49 (o) (5) is dependent upon the filing of an answer in strict compliance with the special pleading requirements of § 16-13-49 (o) (3). OCGA § 16-13-49 (o) (5) states, "(i)f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." Only when construed to require a claimant to file a legally sufficient answer is this provision consistent with the legislative intent in enacting § 16-13-49, to provide for the prompt disposition of property subject to forfeiture and protect the interests of innocent property owners. To hold otherwise would place upon the State the burden of conducting discovery to determine not only the claimant's standing and interest in the property but also that of any other interested party. This result would be contrary to the burden placed upon a claimant to make specific legal and factual assertions in support of and ultimately to prove these required elements of innocent ownership.

(Citations omitted.) *State of Ga. v. Alford.*[6] It was for McFarley, not the State, to establish, through specific legal and factual assertions, her standing as an "owner" under the forfeiture statute. Since she failed to do so, the trial court did not err in dismissing McFarley's answer and granting the State's request for an order of forfeiture and distribution.

---

[6] *State of Ga. v. Alford,* 264 Ga. 243, 245-246 (2) (b) (444 SE2d 76) (1994).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004.

W. McCall Calhoun, Jr., for appellant.
Cecilia M. Cooper, District Attorney, Richard E. Thomas, Assistant District Attorney, for appellee.